IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRINITY INDUSTRIES LEASING COMPANY | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-cv-2625 |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | § § § § | |
| *Defendant*. | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Trinity Industries Leasing Company ("Trinity" or "Plaintiff") hereby files this Original Complaint against Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union" or "Defendant") and would respectfully show the Court as follows:

### I.   PARTIES

1.   Plaintiff Trinity Industries Leasing Company is a Delaware Corporation with its principal place of business in Dallas, Texas.

2.   Defendant National Union Fire Insurance Company of Pittsburgh, Pa is a Pennsylvania insurance company with its principal place of business in New York City, New York. National Union may be served with process by serving its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.     JURISDICTION & VENUE

3. The foregoing allegations are incorporated herein by reference.

4. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because (1) Defendant is not a citizen of any state of which Plaintiff is also a citizen; and (2) the amount in controversy exceeds $75,000, excluding interest and costs.

5. National Union is an insurer doing business in the Northern District of Texas, where National Union maintains offices and employees and regularly issues policies of insurance to Texas insureds, like Trinity.

6. Venue is proper in this Court pursuant to (1) 28 U.S.C. § 1391(b)(1) because National Union resides in and is subject to personal jurisdiction in this district; and (2) 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims recited herein occurred in Dallas, Texas.

## III.     FACTUAL BACKGROUND

**A.     National Union Issued A General Liability Policy Insuring Trinity**

7. The foregoing allegations are incorporated herein by reference.

8. Trinity is a leading provider of railcar services and products.

9. National Union is an insurer doing business in the State of Texas.

10. National Union issued Commercial General Liability Policy No. 703-24-31 ("the Policy") to Occidental Petroleum Corporation ("Occidental") for the period from November 1, 2022, to November 1, 2023 (the "Policy Period").

11. Trinity is an additional insured under the Policy. Occidental and National Union have refused to provide Trinity with a copy of the Policy.

12. Upon information and belief the Policy provides coverage for sums that the insured becomes legally obligated to pay because of "bodily injury" and "property damage" caused by an "occurrence" during the Policy Period.

13. Upon information and belief the Policy provides a duty to defend insureds against suits seeking damages because of "bodily injury" and "property damage" caused by an "occurrence" during the Policy Period.

**B.    Trinity Has Been Named As A Defendant In Underlying Lawsuits Seeking Damages Because Of Bodily Injury & Property Damage**

14. On February 3, 2023, a Norfolk Southern train derailed in East Palestine, Ohio (the "Derailment"). Since then, multiple lawsuits have been filed against Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively "Norfolk Southern"), including (1) a suit brought by the State of Ohio and the United States of America (the "CERCLA Suit"); and (2) a putative class action brought by residents of East Palestine, Ohio (the "Class Action") (collectively the "Underlying Lawsuits").

15. On June 30, 2023, Norfolk Southern filed a Third-Party Complaint against Trinity, among other defendants, including Oxy Vinyls, LP ("Oxy"), in the CERCLA Suit (the "CERCLA TPC").

16. The CERCLA TPC seeks damages from Trinity because of "property damage," including costs, expenses and damages incurred in responding to the Derailment.

17. On July 25, 2023, Norfolk Southern filed a Third-Party Complaint against Trinity and other defendants, including Oxy, in the Class Action (the "Class Action TPC").

18. On August 14, 2023, Plaintiffs in the Class Action filed their First Amended Master Consolidated Class Action Complaint and Jury Demand (the "Amended Complaint"), which asserts claims directly against Trinity.

19. In the Class Action, plaintiffs allege and seek damages, among other things, for "real property damage, out of pocket expense, personal property damage, loss of use and enjoyment of property, diminution in property value, loss of business income, loss of business goodwill, annoyance, upset, aggravation, inconvenience, loss of use and enjoyment, an increased risk of associated disease or illness, and the present need for medical monitoring to ensure early detection of any such disease or illness" resulting from the Derailment.

20. The Class Action TPC also seeks damages from Trinity because of "bodily injury" and "property damage," including costs, expenses and damages incurred by Norfolk Southern in responding to the Derailment.

C. **National Union Has Refused And Failed To Defend Trinity In The Underlying Lawsuits**

21. On August 16, 2023, Trinity gave notice to National Union and demanded a defense against the CERCLA TPC and the Class Action TPC under the Policy.

22. On September 12, 2023, Trinity gave notice to National Union and demanded a defense against the Amended Complaint in the Class Action.

23. Despite these demands and repeated follow-up requests to National Union both for a response to Trinity's tender and for a copy of the Policy, National Union has refused both requests.

24. National Union has refused and failed to defend Trinity in the Underlying Lawsuits. As a result, Trinity has retained its own defense counsel and has litigated the cases for months at Trinity's expense, and National Union has forfeited any right it may otherwise have had to select counsel or otherwise control Trinity's defense of the Underlying Lawsuits.

25. National Union has refused and failed to provide a copy of the Policy.

26. National Union has refused and failed to provide any substantive response to Trinity's tender of the CERCLA TPC, the Class Action TPC and the Amended Complaint in the Class Action.

27. National Union failed to acknowledge receipt of Trinity's claims relating to the Underlying Lawsuits within fifteen (15) days after receiving notice.

28. National Union failed to commence any investigation of Trinity's claims relating to the Underlying Lawsuits within fifteen (15) days after receiving notice.

29. National Union failed to request from Trinity all items, statements, and forms that National Union reasonably believed will be required from Trinity relating to the Underlying Lawsuits within fifteen (15) days after receiving notice.

30. National Union has refused and failed to notify Trinity in writing of the acceptance or rejection of Trinity's claims relating to the Underlying Lawsuits as required under Section 542.056 of the Texas Insurance Code.

31. A representative of AIG Claims, Inc. ("AIG Claims") contacted counsel for Trinity on October 27, 2023, to confirm receipt of the August 2023 Notice and the September 2023 Notice.

32. Counsel for Trinity responded on October 28, 2023, notifying National Union of its violations of Texas' Prompt Payment of Claims statute, including the requirements to acknowledge and respond to claims set forth in Sections 542.055 and 542.056 of the Texas Insurance Code.

33. Notwithstanding National Union's knowledge of its statutory obligations under Chapter 542 of the Texas Insurance Code, National Union has knowingly and intentionally continued to delay any substantive response to Trinity's claims, and National Union has also deliberately continued its failure to defend Trinity in connection with the Underlying Lawsuits.

34. As a result, Trinity has been compelled to incur substantial defense costs in the Underlying Lawsuits, without the benefit of the insurance coverage owed by National Union under the Policy.

## IV.   CAUSES OF ACTION

### A.   Breach of Contract

35. The foregoing allegations are incorporated herein by reference.

36. The Policy is a valid, enforceable contract.

37. Trinity is an additional insured under the Policy.

38. Trinity has satisfied all conditions under the Policy. Alternatively, National Union has waived conditions precedent to coverage under the Policy.

39. The terms of the Policy and the allegations in the CERCLA TPC, the Class Action TPC and the Amended Complaint in the Class Action unambiguously require National Union to defend Trinity under the Policy as an additional insured and/or to pay Trinity's defense costs, including attorney's fees, in the Underlying Lawsuits.

40. Alternatively, the terms of the Policy and/or the allegations in the Underlying Lawsuits are ambiguous and must be construed in favor of coverage.

41. National Union has breached the Policy by failing to defend Trinity in connection with the Underlying Lawsuits and/or to pay Trinity's defense costs, including attorney's fees, in the Underlying Lawsuits.

42. National Union's breach of the Policy has caused Trinity to incur substantial damages.

### B.   Declaratory Judgment

43. The foregoing allegations are incorporated herein by reference.

44. An actual, justiciable controversy exists between Trinity and National Union regarding National Union's ongoing obligation to pay the attorneys' fees and expenses incurred by Trinity's defense counsel in the Underlying Lawsuits.

45. Pursuant to 28 U.S.C. § 2201, Trinity seeks a declaration that National Union has a continuing obligation to pay Trinity's defense costs in connection with the Underlying Lawsuits.

**C.  Chapter 542 of the Texas Insurance Code**

46. The foregoing allegations are incorporated herein by reference.

47. Trinity has made claims under the Policy for a defense against the Underlying Lawsuits and has satisfied all conditions under the Policy.

48. National Union has engaged in conduct, including repeated delays, constituting violations of Chapter 542 of the Texas Insurance Code by failing to fulfill its duty to defend Trinity in the Underlying Lawsuits under the Policy and/or to pay Trinity's defense costs, including attorney's fees, in the Underlying Lawsuits.

49. Trinity is entitled to the damages set forth in Section 542.060 of the Texas Insurance Code, including, in addition to the amount of the unpaid defense costs, interest at the rate of eighteen percent (18%) per annum as well as any and all other relief provided therein.

**D.  Attorneys' Fees**

50. The foregoing allegations are incorporated herein by reference.

51. Due to the actions of National Union, Trinity has been required to retain the services of the law firm of Haynes and Boone, L.L.P. Trinity has agreed to pay Haynes and Boone a reasonable fee for its services necessarily rendered and to be rendered in this action. Pursuant to Section 38.001 of the Texas Civil Practices & Remedies Code and/or Section 542.060 of the Texas

Insurance Code, Trinity is entitled to an award of its reasonable attorneys' fees against National Union in an amount to be established at trial.

### V. NOTICE OF INTENT TO PURSUE CLAIMS UNDER CHAPTER 541 OF THE TEXAS INSURANCE CODE

52. Pursuant to § 541.154 of the Texas Insurance Code, Trinity hereby provides notice of its intent to pursue claims against National Union under § 541.151 of the Texas Insurance Code by amending this suit after 60 days.

53. National Union has engaged in unfair or deceptive acts or practices as defined by Section 541.060 of the Texas Insurance Code.

54. For purposes of Section 541.060(a)(4) of the Texas Insurance Code, National Union has failed within a reasonable time to (a) affirm or deny coverage of a claim to a policyholder; or (b) submit a reservation of rights to a policyholder.

55. As a result of National Union's conduct, Trinity has suffered damages in an amount no less than $1,387,467 as well as attorneys' fees in an amount not less than $15,000.

56. National Union has knowingly violated Section 541.060(a)(4) of the Texas Insurance Code referenced above, and, therefore, Trinity seeks, in addition to actual damages, court costs, and attorneys' fees, an amount not to exceed three times the amount of actual damages.

### VI. JURY DEMAND

57. Trinity hereby requests a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### VII. PRAYER

WHEREFORE, Trinity respectfully requests that this Court grant it the following relief:

(1) Judgment awarding Trinity all damages caused by National Union's breach of the Policy;

(2) Judgment declaring National Union's ongoing duty to pay Trinity defense costs, including attorney's fees, under the Policy in connection with the Underlying Lawsuits;

(3) Judgment awarding Trinity all damages sustained as a result of National Union's violations of Chapter 542 of the Texas Insurance Code;

(4) Judgment awarding Trinity all reasonable and necessary attorneys' fees incurred in this matter under Chapter 38 of the Texas Civil Practice & Remedies Code and Chapter 542 of the Texas Insurance Code;

(5) Judgment awarding Trinity pre-judgment and post-judgment interest in the amount allowed by law;

(6) Judgment awarding Trinity all costs of court; and

(7) Such other and further relief to which Trinity may be justly entitled.

Respectfully submitted,

/s/ *Micah E. Skidmore* _____
Micah E. Skidmore
State Bar No. 24046856
HAYNES AND BOONE, L.L.P.
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone:     (214) 651-5000
Telecopier:    (214) 651-5940
micah.skidmore@haynesboone.com

ATTORNEY FOR PLAINTIFF TRINITY INDUSTRIES LEASING COMPANY